FILED'06 APR 13 12:02USDC-ORE

```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

RAASHAN FATIM COLEY,                      No. 03-569-HO

          Petitioner,                     ORDER

     v.

BRIAN BELLEQUE,

          Respondent.
```

The amended petition for writ of habeas corpus by a state prisoner alleges that the trial court violated petitioner's Fourteenth Amendment right to due process of law by failing to remand the case to juvenile court, and that appellate counsel provided ineffective assistance of counsel by failing to argue that the trial court lacked jurisdiction because petitioner was not 15 years of age at the time of the offense.

## Background

Petitioner committed a robbery on his fifteenth birthday, hours before the time of day he was born. Petitioner was tried

as an adult pursuant to Or. Rev. Stat. § 137.707(1)(a), which provides in part, "when a person charged with [first or second degree robbery] is 15, 16 or 17 years of age at the time the offense is committed . . . the person shall be prosecuted as an adult in criminal court."  The Oregon Court of Appeals affirmed his conviction and the Oregon Supreme Court denied review. Petitioner filed a petition for post conviction relief.  The PCR trial court granted the petition, the court of appeals reversed (Coley v. Morrow, 52 P.3d 1090 (Or. App. 2002)), and the state supreme court denied review.

## Discussion

Petitioner did not apprise Oregon's courts of his federal claims.  The PCR trial court nevertheless concluded that petitioner's federal constitutional rights were violated by ineffective assistance of appellate counsel. Resp.'s Ex. 120 at 3, ¶ 1.  Because petitioner prevailed in the PCR trial court, and the state did not assign error to that court's adjudication of petitioner's ineffective assistance of counsel claim, state rules of appellate procedure arguably impeded petitioner's ability to present this claim to Oregon's appellate courts.  See Or. R. App. P. 5.45, 5.55.  Petitioner contends that in these circumstances, there is an absence of available state corrective process so as to excuse the requirement that he exhaust his federal claims in state court.  See 28 U.S.C. § 2254(b)(1)(B)(I).  Because

2 - ORDER

petitioner did not present his federal due process or ineffective assistance of counsel claims in any state court filing, this court holds that petitioner did not fairly present these claims to Oregon's courts. The time to do so has passed. Petitioner's federal claims are procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.1. (1991).

To the extent petitioner's claims are not procedurally defaulted, they must be denied on the merits. Federal habeas relief is available to a state prisoner only if his custody violates the United States Constitution or federal law. Engle v. Isaac, 456 U.S. 107, 119 (1982). This court is bound by the determination of Oregon's courts that under Section 137.707(a)(1), a person may be tried as an adult for a robbery committed on his fifteenth birthday prior to the time of day he was born. Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). Novel or incorrect determinations of state law do not ordinarily violate due process. Id., n. 11. Section 137.707(a)(1) is not so vague as to violate due process. While the statute may be technically ambiguous, a person of ordinary intelligence in petitioner's circumstances would have fair notice that he would be prosecuted as an adult in criminal court. See Bouie v. City of Columbia, 378 U.S. 347, 351 (1964).

Regardless of whether petitioner can prevail on the merits of his due process claim, he cannot prevail on his ineffective

3 - ORDER

assistance of counsel claim. Petitioner's claim that he could not be tried as an adult for conduct committed on his birthday before the time of day he was born is interesting and novel. Appellate counsel's failure to raise this claim was not unreasonable, however. See Strickland v. Washington, 466 U.S. 668, 690 (1984).

## Conclusion

Based on the foregoing, the amended petition for writ of habeas corpus [#10] is denied; the petition for writ of habeas corpus [#2] is denied as moot.

IT IS SO ORDERED.

DATED this 13th day of April, 2006.

_____
Michael R. Hogan
United States District Judge